CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 2 2018

JULIA C. DUDLEY, CLERK
BY: /\. Becesun
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA      )
                              )      Case No. 5:03-CR-70006-009
                              )
                              )
v.                            )
                              )
JOSE BRETON-PICHARDO,         )
                              )      By:  Hon. Michael F. Urbanski
        Petitioner.           )      Chief United States District Judge

## MEMORANDUM OPINION

Jose Breton-Pichardo, a federal inmate proceeding pro se, has filed an amended

motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting a

multitude of claims in light of the United States Supreme Court's decision in Johnson v.

United States, 135 S. Ct. 2551 (2015). ECF No. 636. The government moved to dismiss

Breton-Pichardo's § 2255 motion, ECF No. 641, and Breton-Pichardo did not respond. For

the reasons that follow, the court will **DENY** Breton-Pichardo's § 2255 motion and

**GRANT** the government's motion to dismiss.

I.

On January 24, 2003, a federal grand jury returned an indictment against Breton-

Pichardo, charging him with conspiracy to possess with the intent to distribute 50 grams or

more of cocaine base, in violation of 21 U.S.C. § 846 ("Count One"). On May 29, 2003,

Breton-Pichardo and the government entered into a written plea agreement, in which

Breton-Pichardo agreed to plead guilty to Count One. Plea Agree., ECF Nos. 53, 62.

On November 14, 2003, a criminal judgment was entered sentencing Breton-Pichardo to 262 months of imprisonment followed by eight years of supervised release.[1] Judgment at 2-3, ECF No. 100. The judgment accepted the factual findings of the Presentence Investigation Report ("PSR"), which found Breton-Pichardo to be subject to the enhanced penalty as a career offender pursuant to United States Sentencing Guidelines ("USSG") § 4B1.1 (2002), based on two prior felony convictions for a controlled substance: 1994 and 1996 New York attempted criminal sales of a controlled substance.[2] PSR ¶¶ 48, 52, 53, ECF No. 504. Applying the career offender enhancement, the sentencing court accepted the PSR's guideline imprisonment range of 262-327 months imprisonment. Breton-Pichardo objected to the presentence report, and filed a timely appeal to his conviction and sentence. ECF Nos. 92, 99.

On direct appeal, Breton-Pichardo raised two claims to the United States Court of Appeals for the Fourth Circuit, asserting that trial counsel was ineffective for failing to properly advise him on his career offender status and sentencing guidelines factors. The Fourth Circuit dismissed the appeal and affirmed Breton-Pichardo's conviction and sentence, holding that he could only assert ineffective assistance of counsel claims on

---

[1] United States District Judge Samuel G. Wilson presided over Breton-Pichardo's sentencing. Judge Wilson has since retired and the instant § 2255 motion was assigned to the undersigned Chief United States District Judge.

[2] The PSR recommended a base offense level of 34 based on drug weight, pursuant to USSG § 2D1.1, however, the career offender enhancement carried an adjusted offense level of 37, based on the two prior felony convictions for a controlled substance listed in PSR paragraphs 52 and 53. PSR ¶¶ 40, 48, 52, 53, ECF No. 504; see USSG § 4B1.1. Breton-Pichardo received a three-point reduction for acceptance of responsibility, for a total offense level of 34, with a criminal history category of VI, which resulted in a guideline imprisonment range of 262-327 months imprisonment. Id. ¶¶ 49, 50, 64, 80. The statutory minimum and maximum terms of imprisonment for Count One is 10 years to life imprisonment, 21 U.S.C. § 841(b)(1)(A), and the PSR indicates that Breton-Pichardo's guideline custody range would have likely increased to 360 months to life had he taken the case to trial. Id. ¶ 81.

collateral review.  See United States v. Breton-Pichardo, No. 03-4883, 114 F. App'x 577 (4th

Cir. Nov. 30, 2004), ECF No. 262.  Breton-Pichardo then filed a petition for writ of

certiorari with the United States Supreme Court, which the Court granted, vacating the

Fourth Circuit's 2004 judgment and remanding the case for further review in light of United

States v. Booker, 125 S. Ct. 738 (2005).  See Breton-Pichardo v. United States, 544 U.S. 916,

125 S. Ct. 1676 (2005).  On remand, the Fourth Circuit found that Breton-Pichardo

knowingly and voluntarily waived his right to appeal sentencing guidelines factors and,

consequently, waived any appellate review of Booker claims.  United States v. Breton-

Pichardo, No. 03-4883, 155 F. App'x 709 (4th Cir. Dec. 1, 2005), ECF No. 309.  The Fourth

Circuit dismissed the appeal and reinstated its initial decision affirming the district court's

conviction and sentence.  Id.

Beginning in 2008, Breton-Pichardo filed a series of motions to reduce his sentence

based on amendments to the USSG that effectively lowered the base offense levels for

convictions involving crack cocaine.  On August 8, 2008, Breton-Pichardo filed a motion to

reduce his sentence pursuant to 18 U.S.C. § 3852 and Amendment 706, which the court

denied because Breton-Pichardo was ineligible for a reduction as his offense level and

guideline range were a result of his career offender status.  ECF Nos. 499, 501.  Breton-

Pichardo appealed, and the Fourth Circuit affirmed the district court's order.  United States

v. Breton-Pichardo, No. 08-7938, 304 F. App'x 211 (4th Cir. Dec. 29, 2008), ECF No. 506.

On February 1, 2012, Breton-Pichardo filed a second § 3852 motion to reduce his sentence

based on the Fair Sentencing Act and Amendment 750, and on February 18, 2015, he filed a

third § 3852 motion to reduce his sentence based on Amendment 782.  ECF Nos. 575, 592.

The court denied both motions, respectively, finding that Breton-Pichardo was ineligible for

reductions under each amendment because his total offense level and custody range were a

result of the career offender guideline.[3] ECF Nos. 577, 610.

On March 22, 2017, Breton-Pichardo filed his initial § 2255 motion with the U.S.

District Court for the Eastern District of Virginia, but the motion was transmitted to this

district once it was ordered that the motion was erroneously docketed there. ECF Nos. 633,

633-2. On April 10, 2017, Breton-Pichardo filed the present amended § 2255 motion

seeking a reduced sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015),[4] and

raising four claims for relief. In his first claim, Breton-Pichardo alleges he is entitled to a

---

[3] Following the court's order denying a sentence reduction based on Amendment 782, Breton-Pichardo filed a motion for reconsideration. ECF No. 614. On June 24, 2015, the court denied the motion, holding that Breton-Pichardo already used his one opportunity to seek the benefit of Amendment 782 when he filed his § 3852 motion, and consequently, the court "lack[ed] authority to consider subsequent relief based on the same Amendment, either by way of a second § 3852(c)(2) motion or a motion for reconsideration of the initial order." Order, ECF No. 615. Nonetheless, on July 2, 2015, Breton-Pichardo filed a second motion for reconsideration of the June 24 order. ECF No. 618. In denying the second motion, the court clarified that Breton-Pichardo's 2003 guidelines range was based on the career offender guideline, not on the drug weight, and therefore Amendment 782 was entirely inapplicable to Breton-Pichardo's sentence. Order, ECF No. 622. After Breton-Pichardo appealed both the court's orders denying his motion for reduced sentence under Amendment 782 and his motion for reconsideration, the Fourth Circuit affirmed both of the district court's orders for the reasons stated by the court. See United States v. Breton-Pichardo, No. 15-7061, 616 F. App'x 636 (4th Cir. Sept. 30, 2015), ECF No. 627.

[4] While the handwritten amended motion is, at times, unintelligible, the court construes Breton-Pichardo's claims liberally. As a pro se litigant, Breton-Pichardo's pleadings are accorded liberal construction and held to less stringent standards than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam); see also Hughes v. Rowe, 449 U.S. 5, 9 (1980) (a district court must liberally construe a petition filed by a pro se litigant to allow for the development of a potentially meritorious case). Liberal construction, however, does not allow the court to ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990). In his amended motion, Breton-Pichardo references the "Johnson Act" and "2255(f)(3)" in close proximity to each other, and the court liberally construes this as a cite to Johnson v. United States, 135 S. Ct. 2551 (2015). Am. Mot. at 3-4, ECF No. 636. Breton-Pichardo also states in his amended motion, "attache [sic] the motion previously," indicating that he seeks to incorporate his initial §2255 motion, which sufficiently raises a Johnson claim. Am. Mot. at 5, ECF No. 636; see Mot. at 2, ECF No. 633.

reduced sentence based on Amendments 706, 750, and 782[5] of the USSG, arguing that he

was discriminated against, and that he would have received the benefit of the amendments

and better representation under the law had he been a U.S. Citizen. In his second claim,

Breton-Pichardo broadly asserts that he was institutionally discriminated against and is

entitled to a reduced sentence. In support of both his first and second claims, Breton-

Pichardo alleges he suffers cruel and unusual punishment because he faces potential

deportation. In his third claim, Breton-Pichardo seeks a sentence reduction by appealing any

designation under the Armed Career Criminal Act and alleging "double jeopardy under the

fifth amend [sic]." He further alleges he is entitled to a reduced sentence because his

conviction was based on a non-violent offense, and that he received ineffective assistance of

counsel at trial regarding this issue. Finally, in his fourth claim, Breton-Pichardo requests

oral argument on the present motion so the court can further consider his first three claims.

In accordance with Standing Order 2015-5, the court appointed the Federal Public

Defender's Office to represent Breton-Pichardo with regard to any claim for relief he may

have under § 2255 following the Johnson decision. Appointed counsel, however, has not

filed a notice of appearance with the court or otherwise been involved with the case.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his

sentence was "imposed in violation of the Constitution or laws of the United States;" (2)

that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence

---

[5] Breton-Pichardo fails to include his claim regarding Amendment 782 in his amended § 2255 motion, but he includes it in his initial § 2255 motion. Mot. at 2, ECF No. 633. The government makes argument on the issue, and the court will address Amendment 782 in its analysis. Further, Breton-Pichardo cites Amendment 748 in his amended § 2255 motion, however, Amendment 748 was made permanent by Amendment 750, and the court refers to it as such.

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."
28 U.S.C. § 2255(a). Breton-Pichardo bears the burden of proving grounds for a collateral
attack by a preponderance of the evidence. Miller v. United States, 261, F.2d 546 (4th Cir.
1958).

## A.

As an initial matter, Breton-Pichardo purports to stake the timeliness of his § 2255
motion on a brief reference to the Supreme Court's decision in Johnson in his third claim.
Section 2255(f) states that a "1-year period of limitation shall apply to a motion under this
section," and § 2255(f)(3) allows for the limitations period to begin on "the date on which
the right asserted was initially recognized by the Supreme Court, if that right has been newly
recognized by the Supreme Court and made retroactively applicable to cases on collateral
review." Breton-Pichardo filed his first § 2255 motion on March 22, 2017, over a decade
after his conviction became final and more than a year after June 26, 2015, the date that
Johnson was decided.[6] Even with Johnson as the start of the applicable limitations period,
Breton-Pichardo's motion is clearly untimely under § 2255(f)(3).

In any event, even if Breton-Pichardo had filed his § 2255 motion within a year from
the date Johnson was decided, he would still be unable to obtain the benefit of the renewed
limitations period. In Johnson, the Court examined the Armed Career Criminal Act
("ACCA"), 18 U.S.C. § 924(e), and determined that certain language in the ACCA was
unconstitutionally vague and therefore void. 135 S. Ct. at 2563. As Breton-Pichardo was

---

[6] The holding in Johnson was made retroactively applicable on collateral review by the Supreme
Court in Welch v. United States, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016).

not sentenced under the ACCA and did not receive an ACCA-enhanced sentence, Johnson has no direct application to his sentence.

At the time Breton-Pichardo was sentenced as a career offender, however, § 4B1.1 of the Guidelines included language similar to that invalidated by Johnson in the ACCA. Nonetheless, "the Guidelines are not amenable to a vagueness challenge," and thus, the holding in Johnson cannot be applied to Breton-Pichardo's career offender status. Beckles v. United States, 137 S. Ct. 886, 894 (2017). Accordingly, in addition to the blatantly late filing of his § 2255 motion, Breton-Pichardo's status as a career offender[7] is not subject to constitutional challenge pursuant to Johnson, and his § 2255 motion must be dismissed as untimely under § 2255(f)(3).

## B.

Even assuming, *arguendo*, that his claims were timely, Breton-Pichardo fails to demonstrate that he is entitled to relief. As regards his first claim, Breton-Pichardo argues he is entitled to a sentence reduction under Amendments 706, 750, and 782 to the USSG. Breton-Pichardo already raised these exact claims on direct appeal, where they were adjudicated and dismissed by the court. Generally, Section 2255 does not permit a petitioner to relitigate issues already decided on direct appeal. Boeckenhaupt v. United States, 537 F.2d

---

[7] Breton-Pichardo was sentenced in 2003 as a career offender under the Sentencing Guidelines. At that time, the Sentencing Guidelines were considered mandatory. Although the Supreme Court recently concluded that the Guidelines are not subject to a vagueness challenge, it did not address whether a constitutional infirmity might arise in circumstances where a defendant was sentenced as a career offender under the mandatory guidelines regime that existed prior to its decision in United States v. Booker, 543 U.S. 220, 245 (2005). The Fourth Circuit, in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), concluded that a defendant could not successfully rely on Johnson to invalidate a career offender sentence under a mandatory guideline regime because the Supreme Court did not explicitly invalidate the residual clause in § 4B1.2(a) under the mandatory guidelines. Moreover, Breton-Pichardo was properly classified as a career offender based on two prior felony drug convictions. PSR ¶ 48, ECF No. 504; see U.S.S.G. 4B1.1(a). Accordingly, not only does Johnson leave Breton-Pichardo's prior drug convictions intact, but the fact that he was convicted under the extant mandatory guidelines does not affect the viability of his § 2255 motion.

1182, 1183 (4th Cir. 1976) (per curiam), cert. denied, 429 U.S. 863, 9 S. Ct. 169, 50 L. Ed. 2d

142 (1976) ("[Appellant] will not be allowed to recast, under the guise of collateral attack,

questions fully considered by this court [on direct appeal.]"); see, e.g., United States v.

Goodine, 189 F. App'x 172, 173 (4th Cir. 2006) (per curiam). While exceptional

circumstances may grant relief from this rule, see Davis v. United States, 417 U.S. 333, 342

(1974) (permitting 2255 petitioners to litigate claims brought on direct appeal after an

intervening change in law), none are present in this case. Accordingly, to the extent that

Breton-Pichardo attempts to argue he is entitled to relief under Amendments 706, 750 and

782, the court may not revisit these claims here.

In his second claim, Breton-Pichardo broadly argues that he should receive a

sentence reduction because the court and prosecutor institutionally discriminated against

him during trial. Particularly, he claims that he would have received a sentence reduction

had he been a U.S. citizen and that the possibility of deportation constituted cruel and

unusual punishment. These claims rely entirely on unsubstantiated and conclusory

allegations that lack the specific facts necessary for Breton-Pichardo to demonstrate that he

was discriminated against or treated differently because of his citizenship status. See United

States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations

contained in a § 2255 petition may be disposed of without further investigation by the

District Court.") (internal quotation omitted). As such, Breton-Pichardo's vague and broad

claims of being institutionally discriminated against are insufficient to afford relief under §

2255 and must be denied.

In his third claim, Breton-Pichardo seeks a sentence reduction by appealing any designation under ACCA and alleging "double jeopardy under the fifth amend [sic]." He argues that his 2003 conviction was based on a non-violent offense, and that he received ineffective assistance of trial counsel. To be clear, the court already concluded that Breton-Pichardo was never sentenced under the ACCA and, therefore, never received an ACCA-enhanced sentence. Further, Breton-Pichardo fails to provide any factual basis to support his Fifth Amendment claim. Nor does he substantiate his claim that trial counsel failed to provide effective representation regarding the ACCA, or any sentencing issue for that matter. Again, such "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation[.]" Dyess, 730 F.3d at 359; Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (holding that conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing), overruled on other grounds by Gray v. Netherland, 518 U.S. 152, 165-66 (1996). Accordingly, Breton-Pichardo's ineffective assistance of counsel and Fifth Amendment claims must be denied.

Finally, in his fourth claim, Breton-Pichardo seeks oral argument on this motion so that the court can further consider his previous three claims for sentence reduction. It is of the court's opinion that oral argument would not aid the decisional process as all the materials needed to review this motion are already before the court. Importantly, the court has already found no merit to the foregoing claims as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, Breton-Pichardo's request for oral argument must be denied.

## III.

For the reasons stated, Breton-Pichardo's § 2255 motion (ECF No. 636) is
**DENIED**, and the government's motion to dismiss (ECF No. 641) is **GRANTED**.
Because Breton-Pichardo has failed to make a substantial showing of the denial of a
constitutional right as required by 28 U.S.C. § 2253(c) and <u>Slack v. McDaniel</u>, 529 U.S. 473,
484 (2000), a certificate of appealability is denied. The Clerk is directed to strike this matter
from the active docket.

It is so **ORDERED**.

Entered: 03-22-2018

/s/ Michael F Urbanski

Michael F. Urbanski
Chief United States District Judge