CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 13 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 5:03cr70006-009 |
| | ) | |
| JOSE BRETON-PICHARDO, | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION

Defendant Jose Breton-Pichardo filed an emergency motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015. He asks that his sentence be reduced to from 262 months to 188 months which will result in his immediate release, to be followed by four years of supervised release. ECF No. 650. The government does not contest that Breton-Pichardo is eligible for consideration of a reduction in his sentence and agrees that he is entitled to immediate release to be followed by four years of supervised release. ECF No. 654. Neither party requested a hearing. For the reasons set forth below, the court will **GRANT** Breton-Pichardo's request and modify his sentence to 188 months, but not less than time served, to be followed by a four-year term of supervised release.

### I.

On May 29, 2003, pursuant to a written plea agreement, Breton-Pichardo pleaded guilty to one count of possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). PSR, ECF Nos. 652 at 1 and 653 at 1. The accountable drug weight was 336.6 grams of cocaine base, but his guidelines were determined based upon the career offender guideline, U.S.S.G. § 4B1.1. ECF No. 652 at 9, 13. That

guideline provided a range of 262-327 months of imprisonment for offenses where the maximum sentence is life imprisonment and the defendant receives credit for acceptance of responsibility. ECF No. 652 at 19. On November 14, 2003 Breton-Pichardo was sentenced to 262 months imprisonment and an 8-year term of supervised release. ECF No. 100 at 2-3. Breton-Pichardo's current release date is August 23, 2021. ECF No. 650 at 2.

At the time Breton-Pichardo was sentenced, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was enacted on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by

section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

## II.

The parties agree that the First Step Act applies to Breton-Pichardo. Because the indicted drug quantity was 50 grams of cocaine base, if the Fair Sentencing Act had been in effect in 2007, Breton-Pichardo would have faced a maximum term of 40 years rather than life imprisonment. In turn, that maximum sentence would have resulted in an offense level of 31 rather than 34 under the career offender guideline. With a criminal history category of VI, the corresponding advisory range for offense level 31 is 188 to 235 months of imprisonment. In addition, his mandatory minimum sentence would have been 60 months rather than 120 months.

Had Breton-Pichardo been sentenced after passage of the Fair Sentencing Act, the appropriate sentence would have been 188 months, followed by a 4-year term of supervised release. Thus, the parties agree that an appropriate sentence for Breton-Pichardo under the First Step Act would be 188 months, followed by a 4-year term of supervised release. Because Pichardo has served approximately 197 months, the parties agree that his sentence should be modified to time served.[1] Breton-Pichardo has not previously moved for a reduced sentence

---

[1] Breton-Picardo initially argued that he should receive "banked time" for the time he spent in custody over the 188-month modified sentence. ECF No. 654. He has since withdrawn that request because he has an immigration detainer and will most likely be deported, making any argument about "banked time" unnecessary.

pursuant to the First Step Act of 2018 and has not previously had his sentence reduced as if the Fair Sentencing Act of 2010 applied in his case.

### III.

The court will **GRANT** Breton-Pichardo's emergency motion to reduce his sentence, ECF No. 650, and modify his sentence to a total period of 188 months, but not less than time served, to be followed by a four-year term of supervised release. The court finds the sentence agreed to by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

An appropriate Order and amended judgment will be entered.

Entered: 02-13-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge